UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SUZANNE LEVINE,

Plaintiff,

vs

ARBOR PROFESSIONAL SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANSUNION, LLC, a Georgia corporation,

Defendants.

_____/

ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorneys for Plaintiff
17200 W 10 Mile Rd Ste. 200
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com
andrew@alexanderfirm.com

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### JURISDICTION

1.      Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.      This is an action brought by consumers for violation of the Fair Credit

Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

3.      This action is also brought under common law, and this court may

exercise supplemental jurisdiction over the related state law claims arising out of

the same nucleus of operative facts which give rise to the Federal law claims under

28 U.S.C. §1367.

VENUE

4.      The transactions and occurrences which give rise to this action

occurred in Oakland County Michigan.

5.      Venue is proper in the Eastern District of Michigan.

PARTIES

6.      The Parties to this lawsuit are:

a.      Suzanne Levine, ("Plaintiff or "Ms. Levine"), is a resident of West Bloomfield, Michigan and is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§

b.      Defendant Arbor Professional Solutions, Inc., ("APS") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s 2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

c.      Defendant Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and

d.      Defendant Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains as registered agent in Oakland County, Michigan; General Allegations

e.      Defendant Transunion, LLC, ("Transunion"), a Georgia corporation with its registered agent located in East Lansing, Michigan.

General Allegations

7.      In 2015, APS initiated a lawsuit against Plaintiff in the 52-3 Judicial

District Court, in connection with an alleged debt to their client, the City Ferndale

Ambulance, for emergency ambulance services.  The lawsuit was entitled: City of

Ferndale– Ambulance v. Suzanne Levine, Case No. 15-HP-0233-GC.

2

8.      In July of 2015, the parties settled the above referenced lawsuit and signed a mutual release which included the language:

> As a condition of this Agreement, Plaintiff agrees to cause the derogatory trade line referenced above related to the invoice #1460144 to be deleted as to Equifax, Experian and Transunion (the "Credit Bureaus") within 30 days.

9.      The above referenced trade line was not deleted by the City of Ferndale's debt collector, APS.  Upon information and belief, APS did not request the deletion.

10.      When reviewing her credit reports subsequent to the above referenced settlement, Plaintiff noticed that APS was still reporting the Account which was supposed to be deleted based upon the legal binding agreement of the parties.

11.      Ms. Levine's counsel followed up with the attorney for the City of Ferndale after the upon referenced lawsuit was dismissed to be certain the trade line was deleted.  Ms. Levine's counsel was assured in writing that the deletion would be requested.

12.      In November of, 2015, Plaintiff disputed the above referenced credit reporting with Equifax, Experian and Transunion, by certified mail. (**Exhibit A**), with adequate description and explanation as to why the accounts were reported in error.

13.      Defendants Equifax, Experian and Transunion received the disputes and violated the law in response to these disputes as summarized below.

14.     APS received the disputes from the credit bureaus and then wrongly verified the inaccurate information with the credit bureaus and failed to delete the trade line as agreed.

15.     As a result of the negative and inaccurate credit reporting, Plaintiff's credit score and credit reputation was adversely affected and Plaintiff was denied credit.

16.     Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

17.     APS failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

18.     APS failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

19.     The false information was and continues to be furnished by APS.

20.     APS failed to reasonably reinvestigate under 15 U.S.C. § 1681s 2(b) and this failure was willful, and wrongly verified the inaccurate information.

21.     As a result of APS's willful failure to abide by 15 U.S.C. § 1681s 2(b), Plaintiff has suffered and continues to suffer monetary damages and inability to procure credit at a favorable rate, and/or denial of credit, as well as damage to credit reputation, attorney fees and costs.

22.     Plaintiff seeks equitable damages, including correction or deletion of the subject trade line from Plaintiff's credit reports, along with money damages, both actual and statutory, in whatever amount the jury finds Defendants liable plus

attorney fees, litigation costs and court costs, and the claims are otherwise within the jurisdiction of this Court.

23.     Defendants Equifax, Experian and Transunion violated the law as detailed below.

## COUNT  I – FAIR CREDIT REPORTING ACT –  APS

24.     Plaintiff incorporates the preceding allegations by reference.

25.     APS was required under 15 U.S.C. § 1681s 2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade line and providing accurate information to the credit reporting agencies regarding that trade line.

26.     In the event that APS was unable to verify the information, which it had reported, they were required to advise the credit reporting agency of this fact.

27.     Following the reinvestigation, APS reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

28.     Following the reinvestigation, APS reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

29.     Following the reinvestigation APS, reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

30.     APS willfully refused to properly to put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

31.     In the alternative, APS negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s 2(b) and 168o.

32.     APS willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

33.     In the alternative, APS negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s 2(b) and 168io.

34.     Plaintiff has suffered damages as a result of these violations of the FCRA, in an amount to be determined by the Court.

### COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

35.     Plaintiff incorporates the preceding allegations by reference.

36.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

37.     Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

38.     Equifax willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it

reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

39.     In the alternative, Equifax negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

40.     After receiving the Plaintiff's consumer dispute to the APS trade line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41.     In the alternative, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, including denial of credit, reduced opportunity for credit, increased costs, interest and fees for credit, along with emotional distress, humiliation and embarrassment.

43.     Equifax is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the jury together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT III - VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

44.     Plaintiff incorporates the preceding allegations by reference.

7

45.     Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

46.     Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

47.     Experian willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

48.     In the alternative, Experian negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

49.     After receiving the Plaintiff's consumer dispute to the APS trade line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50.     In the alternative, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, including denial of credit, reduced opportunity for credit, increased costs, interest and fees for credit, along with emotional distress, humiliation and embarrassment.

52.     Equifax is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the jury together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

### COUNT IV - VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANSUNION

53.     Plaintiff incorporates the preceding allegations by reference.

54.     Defendant Transunion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

55.     Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

56.     Transunion willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

57.     In the alternative, Transunion negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

58.     After receiving the Plaintiff's consumer dispute to the APS trade line, Transunion willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59.     In the alternative, Transunion negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60.     As a direct and proximate cause of Transunion's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, including denial of credit, reduced opportunity for credit, increased costs, interest and fees for credit, along with emotional distress, humiliation and embarrassment.

61.     Transunion is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the jury together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Transunion for actual damages, costs, interest and attorneys' fees.

## COUNT V – DEFAMATION

62.     Plaintiff incorporates the preceding allegations by reference.

63.     Defendants caused to be published one or more written false statements which were intended to impeach Plaintiff's honesty, integrity, credit worthiness and/or reputation.

64.     The defamatory statements were not accurate, including, but not limited to, the following:

a) That Plaintiff had a derogatory collection account with APS.

65.     Plaintiff is not a public figure.

66.     The statements imputed by Defendants to the public through the three major credit reporting agencies represents a slur on Plaintiff's character by Defendants, including her honesty, integrity, virtue, or reputation, and credit worthiness.

67.     The defamatory statements resulted in damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and damages in an amount deemed at time of trial to be just, fair, and appropriate.

### DEMAND FOR JUDGMENT AND RELIEF

Accordingly, Plaintiff requests:

a. Statutory and actual damages in an amount to be determined by the Court.

b. Deletion of the Account being wrongfully reported to any credit bureau by any Defendants.

c. Statutory costs and attorney fees.

d. Injunctive relief, including, but not limited to, deletion of the account.

e. Compensatory and/or punitive damages.

f.  Any other relief, which this Court deems, appropriate.

g.  Trial by Jury.


Respectfully submitted,

By: */s/* **ADAM S. ALEXANDER**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Suite 200
Southfield, MI  48075
(248) 246 6353
adalesq@gmail.com
andrew@alexanderfirm.com

January 21, 2016